UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

D.R. HORTON, INC.,

    Plaintiff,

v.                                      Case No:   6:15-cv-2063-Orl-40TBS

H&H STUCCO & STONE, INC. and
AMERISURE INSURANCE COMPANY,

    Defendants.
_____

## ORDER

This case comes before the Court on the Motion to Compel Plaintiff's Response to H&H Stucco & Stone's Second Set of Interrogatories (Doc. 48). Plaintiff, D.R. Horton, Inc. has filed an out-of-time response to the motion (Doc. 49). Because the response was not timely filed and Plaintiff did not seek an extension of time to respond, the Court has not considered Plaintiff's response.

Plaintiff developed a condominium project ("Project") comprised of 57 separate residential buildings located in Osceola County, Florida (Doc. 32, ¶¶ 7-8). The outside of each structure is coated with stucco that was applied by Defendant H&H Stucco & Stone, Inc. ("H&H"). The contract between Plaintiff and H&H required the stucco work to be performed in a good and workmanlike manner, free of defects and deficiencies (Id., ¶ 11). After the Project was completed, the homeowner's association ("Association") sued Plaintiff claiming that the stucco work done by H&H did not comply with the Florida Building Code and was otherwise defective (Id., ¶¶ 16, 25). Plaintiff settled with the Association and now brings this lawsuit against H&H for breach of contract (Id., ¶ 25). H&H served the following interrogatory on Plaintiff:

> Please state if D.R. HORTON, INC. or any other related subdivision has ever been either a Plaintiff or Defendant in the last five (5) years for any litigation regarding the installation of stucco within the State of Florida and if so please list all cases in which D.R. HORTON, INC. has been named as a party, the location of the litigation, the case number, the name of the subdivision and the name of any stucco subcontractors who worked within those subdivisions.

(Doc. 48, ¶¶ 2, 9).

Plaintiff objects to the interrogatory on the ground that the information sought is not relevant, material, or likely to lead to the discovery of admissible evidence (Doc. 48-1, ¶ 8). Plaintiff explains that it is a national home builder with 30,455 reported closings in 2015, of which less than one percent were attached homes, i.e., homes similar to the Project (Doc. 48-1, ¶ 2). Plaintiff also states that it is organized into seven autonomous divisions each of which makes separate decisions as to the architects and subcontractors it uses (Id., ¶ 3). Each division constructs homes involving different building departments with different processes for plan review and building inspections (Id.). This case involves Plaintiff's Central Florida division (Id.).

Plaintiff has failed to provide any discussion or analysis to explain how these facts[1] support its objection. The Court is left to assume Plaintiff is arguing that only information concerning its Central Florida division is relevant and material. But, Plaintiff has not provided a response on behalf of its Central Florida division. The facts provided by Plaintiff do not preclude the possibility that its other Florida divisions have information that is relevant and discoverable. And, Plaintiff has not alleged that the information sought is disproportionate to the needs of the case. Plaintiff cites Weitz Co. LLC v. MacKenzie

---

[1] The Court accepts these facts as true solely for purposes of deciding this motion.

House, LLC, 665 F.3d 970 (8th Cir. 2012), but that case concerns the admissibility of evidence at trial; not discovery. Accordingly, this objection is **OVERRULED**.

Plaintiff objects to the interrogatory on the ground that Federal Rule of Evidence 404(b) "prohibits the introduction of evidence of prior or other acts to prove the character of a person in order to show conformity therewith." (Id., ¶ 6). But again, this is a discovery matter, not an issue concerning the admissibility of evidence at trial. Accordingly, this objection is **OVERRULED**.

Plaintiff objects to the interrogatory because its breach of contract claim "'does not put motive, intent, plan, or knowledge at issue.'" (Id., ¶ 7) (quoting Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997)). H&H counters that the basis of Plaintiff's breach of contract claim is defective construction so that for all intents and purposes, Plaintiff is making a construction defect claim (Doc. 48, ¶ 9). H&H also argues that the information sought is relevant to show that Plaintiff's damages are related to a design defect; not the work H&H performed (Id., ¶ 7). The Court agrees and this objection is **OVERRULED**.

Lastly, Plaintiff objects that the interrogatory "is vague and ambiguous because it is unclear what the phrase "or any other related subdivision" means in terms of determining a Plaintiff or Defendant (Doc. 48-1, ¶ 9). H&H concedes that its interrogatory was not properly worded and should have contained the following italicized words:

> Please state if D.R. HORTON, INC. or any other related *subsidiary* has ever been either a Plaintiff or Defendant in the last five (5) years for any litigation regarding the installation of stucco within the State of Florida and if so please list all cases in which D.R. HORTON, INC. has been named as a party, the location of the litigation, the case number, the name of the subdivision/*community* and the name of any stucco subcontractors who worked within those subdivisions.

(Id., ¶ 9). The Court agrees that the interrogatory is flawed. Now, Plaintiff's objection is **SUSTAINED** to the extent H&H seeks information concerning entities other than Plaintiff. The objection is **OVERRULED** to the extent the interrogatory seeks information concerning Plaintiff.

Except as provided above, the motion to compel is **GRANTED**. Plaintiff shall answer the interrogatory within 14 days from the rendition of this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record